## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jerry Bianco,** | |
| Plaintiff, | Case No. |
| v. | |
| **Elite Funding, Inc.,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Jerry Bianco** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Elite Funding, Inc.** (Defendant):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3.      This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Arizona.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Mesa, Arizona 85205.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a business entity with national headquarters, principal place of business, or otherwise valid mailing address located at 316 Lynn Court, Uniondale, New York, 11553.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number ending in 0000.

11.     Plaintiff has only used this phone number as a cellular telephone.

12.     Defendant called Plaintiff on his cellular telephone ending in 0000 on February 6, 2020 at 8:45AM, February 10, 2020 at 8:10AM, February 11, 2020 at 1:24PM, and February 12, 2020 at 7:56AM for solicitation purposes.

13.     Defendant was contacting Plaintiff regarding a business line of credit.

14.     Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

15.     Plaintiff has been on the Do Not Call Registry since August 2019.

16.     Plaintiff never consented to calls from Defendant, has no business relationship with Defendant, and was not interested in a business line of credit.

17.     When calling Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

18.     Plaintiff knew Defendant's calls were automated as Plaintiff received pre-recorded messages from Defendant.

19.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.     The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26.     Defendant's calls were not made for "emergency purposes."

27.     Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2019.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2019.

35.     Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jerry Bianco,** respectfully prays for judgment as follows:

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.      Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.      Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g.      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Jerry Bianco,** demands a jury trial in this case.

                                             Respectfully submitted,

Dated: 02/08/2021                            By: *s/ Amy L. Bennecoff Ginsburg*
                                             Amy L. Bennecoff Ginsburg, Esq.
                                             Kimmel & Silverman, P.C.
                                             30 East Butler Pike
                                             Ambler, PA 19002
                                             Phone: 215-540-8888
                                             Facsimile: 877-788-2864
                                             Email: teamkimmel@creditlaw.com